### Ex parte CHING UNG.
### No. 20428.

District Court, W. D. Washington, N. D. Nov. 12, 1930.

The petitioner, alien, of the Chinese race, seeks admission as holder of Chinese laborer's certificate dated March 27, departing March 29, 1929, Seattle, Wash., and returning May 31, 1930, and denial of admission by the Board of Special Inquiry for the reason that his certificate had expired and had not been extended, affirmed by the Secretary of Labor.

He alleges that he was detained by reason of sickness. On January 10, 1930, he wrote to the American Consul General at Hongkong, as follows:

"I obtained a Laborer's Return Certificate in Seattle on March 27, 1929, and departed therefrom for a visit to China by an Empress boat on March 29, 1929. Unluckily my wife died of miscarriage last month and at present there is no one to look after the family affairs so I am compelled to remain here to get remarried in order that my family will properly be looked after before returning to the United States to earn my living. I am writing this letter to inform you of the above circumstances and shall be very much obliged if you will kindly extend my certificate for a few months. I shall return to the United States when I have my family affairs put in proper order.

"[Signed]   Chan Tung."

On the first of May he applied for Chinese overtime certificate, and the following was issued by the vice consul of the United States:

"Chinese Overtime Certificate

"Hong Kong, May 1, 1930.

"I, Perry N. Jester, American Vice Consul at Hong Kong hereby certify that Chin Ung, holder of Chinese Laborer's Return Certificate No. 32/3621 dated March 27, 1929, at Seattle, Washington, who departed from said port on March 29, 1929, appeared at this Consulate General on April 30, 1930, and

stated that he had been unable to return to said port within the period of one year allowed by the Return Certificate mentioned, by reason of a disability beyond his control, namely: the death of his wife, as described in his letter to this office dated January 10, 1930, translation of which is attached hereto. No further proof of his wife's death has been offered.

"This certificate is now being issued to enable him to proceed to the port of Seattle, Washington, by the S. S. President Pierce, leaving here on May 13, 1930, where he will apply to the Commissioner of Immigration for permission to re-enter the United States.

"[Signed] Perry N. Jester,

"Vice Consul of the United States of America.

"[Seal—American Consulate General.]"

The testimony shows that his wife died on the 19th day of January, 1930, after an illness of about two weeks. The inconsistency between the letter of January 10th and date of wife's death will not be commented upon. The cause of the wife's death was the probable premature birth of a child. The death of wife and child left the petitioner with no family. In his testimony he says "I wanted a little more time in China to get married." During all of the time he was in good health. He married within a month.

He also claims that he purchased a $2,000 interest in a $25,000 truck farm near Portland from a native Chinaman and paid $1,000, and $1,000 to be paid in four years, and, unless paid, the $1,000 paid will be forfeited, and that to pay it he must earn it in the United States.

Hugh C. Todd and Fred H. Lysons, both of Seattle, Wash., for petitioner.

Anthony Savage and Hamlet P. Dodd, both of Seattle, Wash., for United States.

NETERER, District Judge (after stating the facts as above).

The facts are not in dispute. The right of the petitioner to enter is controlled by the Acts of May 6, 1882 (22 Stat. 58); September 13, 1888 (25 Stat. 476); May 5, 1892 (27 Stat. 25); November 3, 1893 (28 Stat. 7); April 29, 1902 (32 Stat. 176); and April 27, 1904 (33 Stat. 428).

Section 7, Act Sept. 13, 1888 (title 8, § 277, USCA), limits the right to return under the certificate to one year, unless extended *"by reason of sickness or other cause of disability beyond his control."* (Italics supplied.) The cause of detention was not sick-

ness or anything *beyond his control*. The letter written asking for extension and, no doubt, an acknowledgment thereof in the ordinary course of official courtesy, is not an extension, and the certificate issued in May precludes any possibility of extension by reason of the recitals therein. Getting married was a matter, not of sickness, but of his election and pleasure. Nor does property interest in the United States enlarge his statutory privilege. He had a fair trial.

The writ is denied.